IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

KELSIE ALLEN, BY AND THROUGH
HER MOTHER AS GUARDIAN AND
NEXT FRIEND, DIANA ALLEN,                                              PLAINTIFF,

VS.                                                 CIVIL ACTION NO. 2:07CV128-P-A

BOYD TUNICA, INC. D/B/A SAM'S
TOWN HOTEL & GAMBLING HALL,
ET AL.,                                                                DEFENDANTS.

## MEMORANDUM OPINION

This matter comes before the court upon Defendant Boyd Tunica, Inc.'s Motion for Summary Judgment [69]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

### I. FACTUAL BACKGROUND

On June 15, 2005 Kelsie Allen, who was then six years old, was staying in a hotel room with her mother and father in the Sam's Town Hotel & Gambling Hall in Robinsonville, Mississippi. Her mother, Diana Allen, assisted Kelsie in bathing in the hotel room's bath/shower unit after which Ms. Allen left Kelsie on her own to rinse the shampoo from her hair. While rinsing the shampoo from her hair under the showerhead with her back to the faucet, Kelsie – the only witness to the salient events – slipped and fell upon the shower diverter knob that was engaged in a vertical position at the end of, and on top of, the water faucet. The fall resulted in her rectum being impaled by the diverter knob, requiring a temporary colostomy.

On July 27, 2007 Kelsie's mother filed suit on her daughter's behalf against Boyd Gaming Corporation, doing business as Sam's Town Hotel & Gambling Hall, Kohler Co. (the manufacturer

1

of the water faucet), and Does 1 through 10. As articulated in the Complaint, the plaintiff asserts the following causes of action: (1) negligence against Sam's Town and Kohler; (2) negligence in maintenance and breach of the duty of ordinary care against Sam's Town; (3) breach of the warranty for fitness for a particular purpose against Kohler; and (4) *res ipsa loquitur* against both defendants. The court notes that the discovery deadline has passed and the plaintiff has identified no further defendants, thus any claims against "Doe" defendants 1 through 10 are dismissed. Furthermore, the plaintiff has since informed the court that she has settled with Kohler and therefore her claims against them should be dismissed.

After a thorough reading of the Complaint in light of Kohler's dismissal, the plaintiff essentially asserts the following causes of action against Sam's Town: (1) negligence/premises liability for alleged failures (a) to prevent a hazardous condition with regard to the subject bath/shower unit, (b) to maintain and service the subject bath/shower unit, and (c) to warn of the allegedly foreseeable hazardous condition; and (2) *res ipsa loquitur*.

In the instant motion for summary judgment, Sam's Town argues that all of the plaintiff's remaining claims should be dismissed for failure to demonstrate evidence creating a genuine issue of material fact as to each claim. Sam's Town avers that the uncontested fact include: (1) the plaintiff admits that the anti-slip mat was in the tub prior to Kelsie's fall; (2) the shower unit possessed "pull-up/safety rails attached both inside the shower unit as well as outside the shower unit; (3) Kelsie was alone at the time of the accident; (4) according to Kelsie she was standing on the mat in the shower leaning her head back and rinsing shampoo from her hair when she suddenly and unexplainably slipped; (5) the type of faucet at issue is one of the most common designs in existence; (6) Defendant Kohler has manufactured and sold faucets for over 75 years and has never

become aware of such an injury on their faucets; (7) Sam's Town has never been aware of any such injuries on their premisess; (8) according to Diane and Kelsie Allen, the shower and tub faucet were working properly at the time of the accident; and (9) both of Kelsie's parents admitted in their depositions that the accident was wholly unforeseeable.

In their motion Sam's Town argues that (1) the plaintiff fails to demonstrate an unreasonably dangerous condition regarding the subject bath/shower unit; (2) Sam's Town had no duty to warn of the risk of the subject incident; (3) Kelsie's parents admit that the accident was unforeseeable; (4) even if Kelsie's injury were reasonably foreseeable, Sam's Town's conduct was reasonable in light of the foreseeable risk; and (5) the doctrine of *res ipsa loquitur* is inapplicable to premises liability actions as a matter of law.

In her response, which contains five pages of text, the plaintiff argues without reference to authorities and little citation to specific evidence that since the defendant admits it owed the plaintiff a duty of reasonable care and that the plaintiff was injured, "[t]he elements of causation and damages are, therefore, ... not subject to debate." Plaintiff's Response at 2. The plaintiff maintains that since Sam's Town placed anti-slip mats inside the tub and a handrails on the outside and inside of the tub, Sam's Town had notice that it was reasonably foreseeable that the subject accident would occur. The plaintiff cites the testimony of her expert, Dr. Kari Babski-Reeves, that the location of the handle over the soap holder and the handrail installed outside of the tub vertically on the wall were too far away for a six-year-old female to grasp during a fall. The plaintiff also argues that Sam's Town admitted in its discovery response that there were no handrails in the subject bath/shower unit.

In reply, Sam's Town counters that the mere fact that Kelsie fell does not prove causation, nor does it automatically establish a breach of duty. Furthermore, the defendant asserts that it is

3

undisputed that there were in fact handrails in the subject bath/shower unit as evidenced by the photographs and the plaintiff expert's own report.

## II. DISCUSSION

### A. Summary Judgment Standards

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 3l7, 323 (l986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S. at 255. Accordingly, a court may not decide any factual

issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d l026, l03l (5th Cir. l982); *Environmental Defense Fund v. Marsh*, 65l F.2d 983, 99l (5th Cir. l98l); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d l2ll, l2l3 (5th Cir. l969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*. at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*. at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

**B. Premises Liability - Business Invitees**

"Although not an insurer of an invitee's safety, a premises owner owes a duty to exercise reasonable care to protect the invitee from reasonably foreseeable injuries at the hands of another." *Simpson v. Boyd*, 880 So.2d 1047, 1051 (Miss. 2004).

In Mississippi, a plaintiff's premises liability claim can be based on one of three theories: (1) that defendant's own negligence created a dangerous condition which caused plaintiff's injury; (2) that defendant had actual knowledge of a condition which defendant itself did not cause, but defendant failed to adequately warn plaintiff of the danger she faced as an invitee; or (3) that, based upon the passage of time, defendant should have known of the dangerous condition caused by another party if defendant had acted reasonably, *i.e.*, constructive knowledge of the condition should be imputed to defendant. *Vu v. Clayton*, 765 So.2d 1253, 1255 (Miss. 2000) (internal citations omitted).

All three types of premises liability claims require an adequate showing that there was an unreasonably dangerous condition in order to proceed to trial. In other words, to avoid summary judgment the plaintiff must demonstrate sufficient evidence creating a genuine issue of material fact that the defendant failed "to keep the premises reasonably safe." *Vu v. Clayton*, 765 So.2d at 1255.

The issue of whether the defendant breached its duty to keep the premises reasonably safe in this instance depends upon whether the plaintiff has pointed to sufficient evidence demonstrating that the bath/shower unit was unreasonably dangerous. The only source of evidence specifically cited by the plaintiff in her response brief is a passing reference to her expert's report. In addition to opining upon the diverter knob and faucet – issues no longer relevant given the settled claims against Kohler – Dr. Kari Babski-Reeves opines in her report that the positions of the horizontal handrail above the soap shelf inside the unit and the vertical handrail just outside of the unit on the wall were inadequate to allow the average 5.5 to 6.5 year old female to grasp either of the handrails to prevent her from landing on the diverter knob. Dr. Reeves also discusses the position of the anti-slip mat. However, her opinions regarding the anti-slip mat are speculative since she admits that she

6

has no information regarding how the mat was positioned during the incident.

Thus, the primary evidence the plaintiff has to support her claim that the subject bath/shower unit was unreasonably dangerous is her expert's opinion that the handrails were not positioned correctly for an average 5.5 to 6.5 year old female. However, the report offers no opinion as to how the handrails should have been positioned for such a female to break a fall, or how such handrails should be positioned to provide adequate safety to people of all ages and sizes, or that even the plaintiff herself tried to grab the rails but could not reach them. The expert concedes that she was not provided with Kelsie's dimensions at the time of the fall. Moreover, the report offers no opinion regarding how the proposed position of the handrails would have prevented the subject injury.

Federal Rule of Civil Procedure 702 requires that expert testimony be based upon sufficient facts or data, be the product of reliable principles and methods, and be based on a reliable application of the principles and methods to the facts of the case. Upon review of the report, the court concludes that the expert's opinion regarding the handrails is based on insufficient data to be reliable.

Other than the plaintiff's conclusory arguments – *e.g.*, that the defendant's negligence is automatically established since it had a duty to keep its premises reasonably safe and the plaintiff suffered an injury, and that the subject injury was reasonably foreseeable to the defendant as evidenced by their placement of handrails and an anti-slip mat – the plaintiff has pointed to no other evidence sufficient to create a genuine issue of material fact that the bath/shower unit was unreasonably dangerous. Accordingly, summary judgment on the plaintiff's premises liability claim should be granted.

Because the plaintiff cannot demonstrate sufficient evidence that the bath/shower unit was

7

unreasonably dangerous *vis-a-vis* its handrails and anti-slip mat , the plaintiff cannot establish that the defendant had actual or constructive knowledge that the unit was unreasonably dangerous. In any event, the plaintiff cited no evidence that Sam's Town ever had actual or constructive knowledge of similar injuries in their bath/shower units.

**C. Res Ipsa Loquitur**

Because it is undisputed that the doctrine of *res ipsa loquitur* is inapplicable to premises liability claims pursuant to *Jacox v. Circus Circus Miss., Inc.*, 908 So.2d 181, 184 (Miss. Ct. App. 2005), the court concludes that the plaintiff's *res ipsa loquitur* claim against Sam's Town should be dismissed as a matter of law.

### III. CONCLUSION

For the reasons discussed above, the court concludes that Defendant Boyd Tunica, Inc.'s Motion for Summary Judgment [69] should be granted. Accordingly, a Partial Final Judgment shall issue forthwith,

**THIS DAY** of April 27, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE